IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUINTON PRUITT,

      Plaintiff,                              No. CIV S-05-1360 DFL GGH PS

    vs.

MARINE TERMINAL CORP., et al.,

      Defendants.                      FINDINGS & RECOMMENDATIONS

_____/

        By order filed August 24, 2005, the court granted plaintiff thirty days to file an amended complaint. In the August 24, 2005 order, the court informed plaintiff of the deficiencies in the complaint. The thirty day period expired, and plaintiff did not file an amended complaint or otherwise respond to the court's order.

        Accordingly, for the reasons given in the August 24, 2005, order, and for plaintiff's failure to present an amended complaint curing the defects of the original complaint as explained therein, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Local Rule 11-110; Fed. R. Civ. P. 41(b).[1]

---

[1] The court has given consideration to plaintiff's status as a pro se litigant. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). The court has explained the defects in plaintiff's complaint and advised plaintiff that failures to correct them might result in dismissal. Delay is

1       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED: 11/01/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
Pruitt1360.fta

---

nearly always prejudicial to defendants. On the other hand, dismissal precludes adjudicating the merits of plaintiff's action. However, the court has considered less drastic sanctions, by issuing its order explaining the defects in the complaint. Plaintiff's failure to cure the complaint's defects leaves the court no choice. The court's need to manage its docket does not permit further devotion of scarce resources to the matter. See Malone v. United States Postal Serv., 833 F.2d 128, 131-32 n.1 (9th Cir.1987).